## WILD v. APPLE et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7169. Decided May 23, 1927.

Mauck, PJ. and Middleton, J., of the 4th Dist., sitting.

**First Publication of this Opinion.**

### Syllabus by Editorial Staff.

**57. AID OF EXECUTION—677. Judgments and Decrees.**

1. To support judgment for plaintiff, under 11760 GC., record must show that plaintiff alleged and court found that defendant had no property subject to levy.

2. Execution may be returned, wholly unsatisfied, for reason other than that defendant had no property.

Error to Municipal Court.

Judgment affirmed.

Wm. H. Chapman, Cleveland, for Wild.

J. Paul Thompson and John M. Harris, Cleveland, for Apple.

FULL TEXT.

MIDDLETON, J.

The statement of claim averred, and the court found that "an execution has been duly issued on said judgment, returned wholly unsatisfied, and no part of said judgment has been paid." This averment and finding do not meet the requirements of Section 11760, to the effect that it must appear that the debtor has no property, personal or real, subject to levy or execution. An execution may be returned wholly unsatisfied after a levy has been made, and for many reasons, as where the property is covered by mortgage, or under attachment, or subject to other liens. At the same time such property may be subject to a levy, and the execution under such circumstances may be returned unsatisfied.

Again, the execution may be returned, as it is said in argument it was returned in the instant case, by order of the plaintiff.

To support a judgment for the plaintiff, under section 11760, the record should show that the plaintiff alleged in his statement of claim, and the court found that the defendant had no property personal or real subject to levy on execution. Clark v. Strong, 16 Ohio, 318.

Such facts are not shown in the record, and the judgment for the defendant must be and is affirmed.

(Mauck, PJ., concurs in judgment.)